# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL ANTHONY JONES,**

      **Plaintiff,**

v.                                                          Civil Action No. 1:15cv50
                                                              (Judge Stamp)

**UNITED STATES, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR A PRELIMINARY INJUNCTION

## BACKGROUND

Plaintiff initiated this *pro se* case on March 20, 2015, by filing a civil rights complaint against a number of defendants concerning his medical care at U.S.P. Hazelton. Complaint, ECF No. 1. On that same date, Plaintiff filed a Motion for Preliminary Injunction for Imminent Danger and Motion for Waiver of Bond. ECF No. 3. Plaintiff requests the preliminary injunction to "to preserve his life and constitutional liberties." Id. at 2. Specifically, Plaintiff requests that the Court order the Defendants to (1) immediately comply with all special care recommendations and treatment; (2) conduct all tests and studies ordered by special care doctors of record; and (3) comply immediately with all orders and recommendations of the special care doctors for all medicines needed for proper treatment. Id. at 3. Plaintiff alleges that he stands to suffer irreparable harm without the preliminary injunction because his disease is a "disease in 'process' with a risk of death due to affecting and infecting his lungs and breath." Id. Plaintiff filed an identical Motion on May 11, 2015 [ECF No. 24], and has filed two motions seeking issuance of the injunction [ECF Nos. 21, 23] as requested in his original motion.

## ANALYSIS

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (quoting Winter v. Nat. Res. Def. Counsel, Inc., 555 U.S. 7 (2008)); see Peterson v. Nat'l Telecomms. & Info. Admin., 505 F. Supp.2d 313, 317 (E.D. Va. 2006) (quoting Direx Israel Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992)) (recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." Dewhurst, 649 F.3d at 290 (internal quotation marks and citations omitted); see Direx Israel, 952 F.2d at 812 (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In Dewhurst, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that a plaintiff "**clearly show**" that he is likely to succeed on the merits. Dewhurst, 649 F.3d at 290 (quoting Winter, 555 U.S. at 22) (emphasis added).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo pending trial. See East Tenn. Nat. Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980))

2

(noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief"). As recently explained by the Fourth Circuit in In re Microsoft Corporation Antitrust Litigation, preliminary injunctions are ordinarily issued to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). The Microsoft Court further explained that such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). Finally, the Microsoft Court stated that the "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching" when the relief requested "is mandatory rather than prohibitory in nature." Id.

Here, Plaintiff seeks a mandatory injunction requiring Defendants to provide specific medical tests and medical care. However, an analysis of the Dewhurst factors reveals that Plaintiff's motion for preliminary injunction fails as he has not made a clear showing that he is likely to succeed on the merits of his Complaint. It is noted that Defendants have filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment which is currently before the court,[1] and a review of those alternative motions reveals a number of hurdles to Plaintiff's claims including, but not limited to, the fact that the three medical defendants are all employees of the United States Public Health Services, and are therefore entitled to absolute immunity, and the remaining Defendants appear to have been named solely in their supervisory capacity. Moreover, although

---

[1] Plaintiff has filed three motions requesting an extension of time in which to file a response to Defendants' Motion for Summary Judgment [ECF Nos. 44, 53, 59], each of which were granted. Plaintiff's response is now due on November 16, 2015.

Plaintiff has been granted leave to file an Amended Complaint under the Federal Tort Claim Act, he has not provided any expert opinion regarding the applicable standard of care for Plaintiff's medical conditions or how that applicable standard of care was breached.

Therefore, based upon the record currently before the court, Plaintiff has not clearly shown that he is likely to succeed on the merits of his claims. Because Plaintiff has not made the necessary showing as to the first factor, it is not necessary to even reach the other factors. See Dewhurst, 649 F.3d at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant).

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motions for a Preliminary Injunction [ECF Nos. 3, 24] be **DENIED** and Plaintiff's Motions for Order to Issue Injunction [ECF Nos. 21, 23] be **DISMISSED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket,

and to counsel of record by electronic means.

DATED: October 20, 2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE