**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL ANTHONY JONES,**

    **Plaintiff,**

**v.**                                            **Civil Action No. 1:15cv50
(Judge Keeley)**

**UNITED STATES, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 65]**

Pending before the Court is the Report and Recommendation ("R&R") of the Honorable Robert W. Trumble, United States Magistrate Judge, regarding four motions for injunctive relief related to a civil rights complaint filed against the United States of America and multiple employees of the United States Prison Hazelton ("USP Hazelton") by the pro se plaintiff, Michael Anthony Jones ("Jones"). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety, **DENIES** Jones's motions for a preliminary injunction (dkt. nos. 3 and 24), and **DISMISSES as MOOT** his motions asking the Court to issue the injunction as requested in his first motion (dkt. nos. 21 and 23).

**I. BACKGROUND**

Jones is an inmate who is currently serving a life sentence at USP Hazelton in Bruceton Mills, West Virginia. On March 20, 2015, he filed a Bivens[1] action naming as defendants the United States of

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

America, the Bureau of Prisons ("BOP"), and eight administrators and medical staff. Jones claims that he suffers from a plethora of physical ailments, including Lupus, connective mixed tissue disease, Raynard's Phenomenon, widespread lung opacity, and interstitial lung disease, among others. (Dkt. No. 1 at 17). Jones alleges that prison officials "did with deliberate indifference to serious medical needs caused or contributed to unreasonable delayed [sic] medical care and wanton infliction of pain and suffering" in violation of the Eighth Amendment. (Dkt. No. 1 at 11-12). In addition, Jones asserts claims of "supervisor liability" and failure to provide him with reasonable accommodations in violation of the Americans with Disabilities Act ("ADA").[2] (Dkt. No. 1 at 14, 16).

On March 20, 2015, the same day that he filed his complaint, Jones also filed a "Motion for Order of Preliminary Injunction for Immediate Danger and Waiver of Bond Fully Incorporated" ("first motion"), (dkt. no. 3), in which he requested that the Court order prison officials to: (1) immediately comply with all special care recommendations and treatment; (2) conduct all tests and studies ordered by special care doctors of record; and (3) comply

---

[2]With leave of the court, Jones amended his complaint to include an FTCA claim.

immediately with all orders and recommendations of the special care doctors for all medicines needed for proper treatment. Id. at 3. Jones alleged that he would suffer irreparable harm without the preliminary injunction because his is a "disease in 'process' with a risk of death due to affecting and infecting his lungs and breath." Id.

On April 13, 2015, Jones filed a "Motion for Order to Issue Injunction Pending Before this Court," asking the Court either to order a response by the defendants, or to grant the injunctive relief sought in his first motion. (Dkt. No. 21). On May 11, 2015, Jones filed a "Motion for Order of Preliminary Injunction/Affidavit," which again asked the Court only to rule on his first motion. (Dkt. No. 23). Although Jones noted in that motion that he had attached a copy of his first motion, the first motion in fact was re-docketed as a separate motion.[3] (Dkt. No. 24).

Magistrate Judge Trumble issued his R&R on October 20, 2015, in which he recommended that Jones's motions for a preliminary

---

[3]A review of the docket shows that the filings docketed as entries #23 and #24 arrived in the same envelope. It is unclear why the copy of the first motion was docketed as a new motion, rather than an attachment to docket entry #23. It may be because Jones crossed out the original signature date of March 17, 2015, and re-dated it May 6, 2015.

3

injunction, (dkt. nos. 3 and 24), be denied, and that his motions seeking an injunction, (dkt. nos. 21 and 23), be dismissed as moot. Jones filed his objections to the R&R on November 16, 2015. (Dkt. No. 77).

## II. STANDARD OF REVIEW

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete V Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the

4

District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

Absent specific objections, the Court reviews the magistrate judge's conclusions only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 414 F.3d 310, 315 (4th Cir. 2005). The absence of specific objections also constitutes a waiver by the petitioner of any appellate review of the factual and legal conclusions. See Alvarez v. O'Brien, 2013 WL 3812088 at *1 (N.D.W.Va. July 22, 2103) (citing United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984)).

### III. DISCUSSION

**A.   Applicable Law**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (quoting Winter v. Nat. Res. Def. Counsel, Inc., 555 U.S. 7 (2008)); see Peterson v. Nat'l Telecomms. & Info. Admin., 505 F. Supp.2d 313, 317 (E.D.Va. 2006) (quoting Direx Israel Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992)) (recognizing that "[a] preliminary injunction is an

extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it").

In order to justify the extraordinary remedy that a preliminary injunction provides, the movant has the burden of demonstrating the following: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." <u>Dewhurst</u>, 649 F.3d at 290 (internal quotation marks and citations omitted); <u>see</u> <u>Direx Israel</u>, 952 F.2d at 812 (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In <u>Dewhurst</u>, the United States Court of Appeals for the Fourth Circuit emphasized the fact that controlling precedent from the Supreme Court mandates that a plaintiff "clearly show" that he is likely to succeed on the merits. <u>Dewhurst</u>, 649 F.3d at 290 (quoting <u>Winter</u>, 555 U.S. at 22) (emphasis added).

The demanding standard outlined in <u>Dewhurst</u> becomes even more exacting when, as here, a plaintiff seeks a preliminary injunction that mandates action, as opposed to the typical form of preliminary injunctive relief seeking to preserve the status quo pending trial.

See East Tenn. Nat. Gas Co. v. Sage, 361 F.3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief"). Preliminary injunctions are ordinarily intended to "protect the status quo and to prevent irreparable harm during the pendency of the lawsuit or alternately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003).

In Microsoft, the Fourth Circuit elaborated that such "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances." Id. (citation omitted). The court further noted that the "application of th[e] exacting standard of review [for preliminary injunctions] is even more searching" when the movant requests relief that "is mandatory rather than prohibitory in nature." Id.

**B.   Magistrate Trumble's R&R and Jones's Objections**

In his R&R, Magistrate Judge Trumble concluded that Jones had

failed to meet the Dewhurst standard of clearly showing he was likely to succeed on the merits of his claims. Specifically, the R&R noted that Jones had multiple hurdles to clear in order to succeed on his claims,

> including, but not limited to, the fact that the three medical defendants are all employees of the United States Public Health Services, and are therefore entitled to absolute immunity, and the remaining Defendants appear to have been named solely in their supervisory capacity. Moreover, although Plaintiff has been granted leave to file an Amended Complaint under the Federal Tort Claim Act, he has not provided any expert opinion regarding the applicable standard of care for Plaintiff's medical conditions or how that applicable standard of care was breached.

(Dkt. No. 77 at 3-4). Because Jones failed to meet the first factor of Dewhurst, a clear showing that he would prevail on the merits, Magistrate Judge Trumble concluded there was no need to analyze the remaining factors. See Dewhurst, 649 F.3d at 293 (if a party cannot establish one of these factors, the court cannot grant a preliminary injunction to the movant). Accordingly, he recommended that Jones's motion for a preliminary injunction be denied.

Jones filed his objections to the R&R on November 16, 2015, (dkt. no. 77), stating that the "circumstances relied on by the Magistrate have changed by corrections in the fully incorporated pleadings of (i), (ii) herein above [sic]." (Dkt. No. 77 at 3). The "fully incorporated pleadings" to which Jones refers are an expert

8

witness list and exhibits, and his response to the defendants' motion for summary judgment and exhibits, both of which he attached to his objection. (Dkt. Nos. 77-1 and 77-3). Rather than disputing the findings in the R&R, Jones relies on these documents, stating that the R&R is wrong because this newly presented information clearly demonstrates that he is likely to prevail on his claims. Id.

**C.  Discussion**

Based on a de novo review, it is clear that Jones's objection is wholly without merit. He has presented no new information, and none of the circumstances have changed since Magistrate Trumble issued his R&R. The two documents attached to his objection contain information already in the record. The first is a list of witnesses, attached apparently in response to the statement in the R&R that Jones "has not provided any expert opinion regarding the applicable standard of care for Plaintiff's medical conditions or how that applicable standard of care was breached he has failed." The second is a response to the defendants' motion to dismiss or for summary judgment.

Contrary to Jones's contentions, however, these documents do not establish any change in circumstances or that he is likely to

prevail on the merits of his claim. The information in the documents was already in the voluminous medical and administrative record that Jones submitted with his complaint. The list of doctors are those who provided care to Jones during the times relevant to this suit, together with details on what services each performed and recommendations for follow-up care. Such doctors are fact, not expert, witnesses. Nowhere does Jones identify an expert who would testify as to the standard of care, or the breach thereof. Even if Jones could use one of his treating physicians to establish the standard of care, this does not equate to a <u>clear showing</u> that he will succeed on the merits.

The second document that Jones contends will clearly show that he will prevail on the merits is his response to the defendants' motion to dismiss or for summary judgment.[4] There is nothing in that response, however, that meets the exacting standard of a clear showing on the merits. Indeed, the response simply attempts to do what all such responses do—provide a minimally sufficient argument

---

[4]It should be noted that, although the defendants filed a motion to dismiss or for summary judgment on July 17, 2015 (dkt. no. 32), the Court granted their motion to withdraw it on February 10, 2016 (dkt. no. 90). The defendants later filed a new motion to dismiss or for summary judgment on March 22, 2016 (dkt. no. 92). Thus, Jones's response to the first motion to dismiss or for summary judgment is no longer operative as such.

**JONES V. UNITED STATES, ET AL.**                                1:15CV50

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 65]**

that material facts are in dispute, such that dismissal or summary judgment would be improper. <u>See e.g.</u> <u>Anderson v. Liberty Lobby</u>, <u>Inc.</u>, 477 U.S. 242, 249 (1986). Presenting sufficiently disputed facts to survive a motion to dismiss or for summary judgment, however, is a far cry from making a clear showing that one will prevail on the merits.

In addition, Jones's response fails to address another of the significant hurdles presented by the R&R—namely, "the fact that the three medical defendants are all employees of the United States Public Health Services, and are therefore entitled to absolute immunity, and the remaining Defendants appear to have been named solely in their supervisory capacity." (Dkt. No. 65 at 3). Jones's objections never address how he would overcome this hurdle.

## IV. CONCLUSION

For the reasons discussed, the Court concludes that Jones has failed to make a clear showing that he would prevail on the merits of his suit as required under <u>Dewhurst</u>, and he therefore is not entitled to a preliminary injunction. Accordingly, the Court **ADOPTS** the R&R in its entirety, **DENIES** Jones's motions for a preliminary injunction (dkt. nos. 3 and 24), and **DISMISSES as MOOT** his motions seeking an injunction as requested in his first motion (dkt. nos.

JONES V. UNITED STATES, ET AL.                              1:15CV50

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 65]**

21 and 23).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: March 31, 2016.

>	/s/ Irene M. Keeley
>	IRENE M. KEELEY
>	UNITED STATES DISTRICT JUDGE