**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL ANTHONY JONES,**

    **Plaintiff,**

**v.**                                                      **Civil Action No. 1:15cv50
(Judge Keeley)**

**UNITED STATES, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149][1] AND REOPENING THE CASE**

## I. BACKGROUND

On March 20, 2015, the pro se plaintiff, Michael Anthony Jones ("Jones"), filed a civil rights complaint against a number of defendants concerning his medical care at U.S.P. Hazelton (Dkt. No. 1-1). Jones brought his initial complaint against the defendants in their individual capacities pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) (Dkt. No. 11).

The Court referred the matter to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial screening and a Report and Recommendation ("R&R"). By order entered on July 20, 2015, Magistrate Judge Trumble notified Jones that "a Bivens

---

[1] This Memorandum Opinion and Order vacates in part the Court's Order Adopting Report and Recommendation (Dkt. No. 149), only insofar as it dismissed the plaintiff's FTCA claim. The Court's ruling on Jones' Bivens claims remains unaffected.

1

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

complaint and a FTCA complaint are two separate causes of action," and that, to the extent Jones was attempting to raise a claim under the Federal Tort Claims Act, "he must file a form complaint and []incur a separate filing fee" (Dkt. No. 35 at 1). On October 1, 2015, Jones filed an additional complaint in this same case asserting an FTCA claim against the United States of America (Dkt. No. 62).

On November 17, 2016, Magistrate Judge Trumble issued an R&R, which concluded that Jones failed to state a valid <u>Bivens</u> claim and also failed to file a screening certificate of merit pursuant to West Virginia Code § 55-7B-6(c), a necessary prerequisite to filing his FTCA claim (Dkt. No. 138). After finding no clear error, the Court adopted the R&R in its entirety (Dkt. No. 149) and denied Jones' motion for summary judgment (Dkt. No. 114). It also granted the defendants' motion to dismiss (Dkt. No. 92), dismissed Jones' <u>Bivens</u> claim with prejudice, and dismissed his FTCA claim without prejudice (Dkt. No. 132).

Jones appealed the Court's dismissal of his complaint to the United States Court of Appeals for the Fourth Circuit (Dkt. Nos. 156; 164), which on August 1, 2017, dismissed the appeal for lack

**JONES V. UNITED STATES, ET AL.**                                            **1:15CV50**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

of jurisdiction (Dkt. No. 170). Now pending is Jones' self-styled "Motion for Relief (Fed. R. Civ. P. 60(b)(1)-(3))" (Dkt. No. 175).

## II. APPLICABLE LAW

Jones seeks relief pursuant to Federal Rule of Civil Procedure 60(b), which allows the Court to "relieve a party . . . from a final judgment, order, or proceeding" for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A movant under Rule 60(b) must "have a meritorious claim or defense and the opposing party must not be unfairly prejudiced by having the judgment set aside." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011).

A Rule 60(b) motion may also be construed as a motion for reconsideration. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. . . . Where evidence is not newly discovered,

3

**JONES V. UNITED STATES, ET AL.** 1:15CV50

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). "[A] motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaPlant, 151 F.R.D. 678, 679 (D.Kan. 1993). A general principle applied in the Rule 60(b) context is that "disposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion of the district court." Evans v. United Life & Acc. Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989) (citing Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (4th Cir. 1973).

## IV. DISCUSSION

Although Jones cites generally to subsections (1) through (3) as the bases on which the Court should grant relief under Rule 60(b), he fails to explain how any of these provisions relate to the Court's prior order dismissing his case. Rather, Jones argues that he is entitled to relief because he "was not appointed counsel for the purpose of obtaining the necessary expert health care

4

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

professional certification required" to pursue his FTCA claim, and because the Court "did not take into consideration [his] inability to make properly researched responses" about that claim, due to his incarceration at U.S.P. Hazelton. Id. at 2. Jones further argues that the Court improperly dismissed his claim under the Americans with Disabilities Act ("ADA"), because "the defendant never responded to [it] and thus conceded the issue in [Jones'] favor." Id. Given the grounds on which Jones requests relief, the Court construes his Rule 60(b) motion as a motion for reconsideration.

**A.   FTCA Claim**

The FTCA allows a plaintiff to recover damages from the United States "for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). It does not create a new cause of action, but merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Edina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Relevant here is West Virginia's Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-1, et seq., which describes a cause

JONES V. UNITED STATES, ET AL.                                1:15CV50

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

of action for professional medical negligence.

Section 55-7B-6(b) of the MPLA requires that, before filing an action against a health care provider, the plaintiff must serve a notice of claim and a screening certificate of merit. W. Va. Code § 55-7B-6(b) ("Prerequisites for filing an action against a health care provider"). While compliance with the MPLA's pre-filing requirement is mandatory prior to filing suit in federal court, Stanley v. United States, 321 F.Supp.2d 805, 806-07 (N.D.W.Va. 2004), § 55-7B-6(c) provides the following exception:

> [I]f a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

W. Va. Code § 55-7B-6(c).

Here, Jones concedes that he failed to serve a screening certificate of merit prior to filing his FTCA claim (Dkt. Nos. 175 at 2; 175-1 at 2-3). Further, for the reasons discussed in the R&R and adopted by the Court, namely, that expert testimony would be required to resolve his medical negligence claim, Jones was not

6

**JONES V. UNITED STATES, ET AL.** 1:15CV50

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

excused from filing a certificate of merit under subsection (c). (Dkt. Nos. 138 at 19-20; 149 at 2-3). See W. Va. Code § 55-7B-6(c); see also Giambalvo v. United States, 2012 WL 984277 (N.D.W.Va. Mar. 22, 2012). Thus, Jones failed to comply with the pre-suit requirements of the MPLA.

In most circumstances, a plaintiff's "[f]ailure to serve a screening certificate of merit in accordance with § 55-7B-6 . . . calls for dismissal." Lancaster v. USP Hazelton, 2017 WL 3448187, *4 (N.D.W.Va. Aug. 11, 2017). There are limited circumstances, however, in which a plaintiff may be given an opportunity to rectify his noncompliance. See Giambalvo, 2012 WL 984277, at *5-6 (citing Westmoreland v. Vaidya, 664 S.E.2d 90, 96-97 (W. Va. 2008) (per curiam)). In Westmoreland, the Supreme Court of Appeals of West Virginia determined that a pro se plaintiff who failed to file a certificate of merit but "demonstrated a good faith and reasonable effort to further the statutory purposes" of § 55-7B-6 should have been permitted a reasonable period of time to provide a certificate before dismissal. 664 S.E.2d at 96-97.

Westmoreland observed that "a principal consideration before a court reviewing a claim of insufficiency in a notice or

7

**JONES V. UNITED STATES, ET AL.**                                    **1:15CV50**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

certificate should be whether a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort to further the statutory purposes." Id. at 96. "Finding it significant that the plaintiff had proceeded in a good faith belief that he could litigate his case under the exception contained in subsection 6(c), Westmoreland concluded that the plaintiff's failure to file a certificate of merit was a procedural error, and that he should be afforded a reasonable amount of time to fulfill the statutory pre-suit requirements prior to dismissal of his case." Giambalvo, 2012 WL 984277, at *5 (finding a good faith effort where pro se plaintiff filed a document labeled "In Lieu of Medical Screening of Certificate" and believed that his claim did not require an expert opinion under the subsection (c) exception).

Like the plaintiff in Westmoreland, Jones is "pro se, relied in good faith on the applicability of W. Va. Code § 55-7B-6(c), and was provided no pre-suit objection and opportunity to correct his misplaced reliance on subsection (c)." Cline v. Kresa-Reahl, 728 S.E.2d 87, 97 (W. Va. 2012) (discussing Westmoreland); see also Giambalvo 2012 WL 984277, at *6. In response to the defendants'

8

**JONES V. UNITED STATES, ET AL.** 1:15CV50

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

motion to dismiss his FTCA claim, Jones, an inmate proceeding pro se, specifically cited subsection (c) as the ground excusing his failure to file a certificate of merit (Dkt. No. 112 at 3). In doing so, he also referenced the Magistrate Judge's "Order Regarding Potential FTCA Complaint," which he contends "exempted" him from the filing requirement "pursuant [to] W. Va Code 55-7B-6(c)." Id. As evidenced by his response, Jones clearly believed, albeit erroneously, that a certificate of merit was not required because his claim entitled him to rely on the pre-filing exception in subsection (c).

Therefore, after carefully examining Jones' motion and the record, the Court concludes that he should be afforded a reasonable opportunity to comply with the pre-suit requirements of § 55-7B-6. Accordingly, because it erred in failing to afford Jones' such an opportunity, the Court **VACATES** its earlier Order dismissing his FTCA claim, and grants him leave to secure and file a screening certificate of merit.

**B.  Bivens Claims**

Jones also contends that the Court erred by dismissing his third Bivens claim, which alleged that "Defendants: 1). United

**JONES V. UNITED STATES, ET AL.** 1:15CV50

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

States and 2). BOP Agency" violated the ADA by failing "to issue and provide requested tests and studies to specialist[s] for proper treatment," and by failing to provide "alternate adequate medical care . . . as 'reasonable accommodations' for nearly (15) months" (Dkt. No. 11 at 23-24). Jones argues that these defendants "never responded to" his ADA claim and, therefore, "conceded the issue" in his favor (Dkt. Nos. 175 at 2; 175-2 at 5).

Jones' contention is without merit. First, his assertion that the defendants "never responded to" his claim is wholly inaccurate. In point of fact, in their motion to dismiss, or in the alternative, motion for summary judgment, the defendants advanced numerous arguments as to why Jones' Bivens claims were subject to dismissal (Dkt. No. 92-1 at 6-13). Further, because a cause of action is available only against federal officers in their individual capacities, and not the federal agency that employs the persons acting under federal law, Jones' Bivens claim against the United States and the BOP necessarily fails. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that a Bivens action cannot be brought against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens

10

**JONES V. UNITED STATES, ET AL.** 1:15CV50

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND
DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION
[DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT
AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

is against federal officials individually, not the federal government.").

## IV. CONCLUSION

In conclusion, for the reasons discussed, the Court:

- **GRANTS-IN-PART and DENIES-IN-PART** Jones' motion for relief from judgment (Dkt. No. 175);

- **GRANTS** Jones' motions for leave to supplement his Rule 60(b) motion (Dkt. Nos. 177; 178);

- **DENIES as MOOT** Jones' motion for leave to supplement newly discovered evidence (Dkt. No. 184);

- **VACATES-IN-PART** its earlier Order insofar as it dismissed Jones' FTCA claim (Dkt. No. 149) and **REOPENS** the case;

- **GRANTS** Jones **LEAVE** to secure and file a medical screening certificate of merit with the Court within ninety (90) days following entry of this Order; and

- **REFERS** this case to Magistrate Judge Trumble for further proceedings consistent with this Opinion, and also **DIRECTS** him to consider Jones' motions for appointed counsel (Dkt. Nos. 176; 178).

**JONES V. UNITED STATES, ET AL.** 1:15CV50

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. NO. 175], AND VACATING-IN-PART ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 149] AND REOPENING THE CASE**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to counsel of record and to the pro se plaintiff, certified mail and return receipt requested.

DATED: May 16, 2018.

/s/Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE