**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL ANTHONY JONES,**

      **Plaintiff,**

**v.**                                                **Civil Action No. 1:15CV50
(Judge Keeley)**

**UNITED STATES, et al.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION [DKT. NO. 267]**

Pending is the motion for reconsideration filed by the pro se plaintiff, Michael Anthony Jones ("Jones"), pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 267). For the following reasons, the Court **DENIES** his motion.

### I. Background

On March 20, 2015, Jones filed a civil rights complaint against a number of defendants concerning the medical care he received at United States Penitentiary Hazelton (Dkt. No. 1-1). Jones brought his initial complaint against the defendants in their individual capacities pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) (Dkt. No. 11).

The Court referred the matter to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial screening and a Report and Recommendation ("R&R"). After Magistrate Judge Trumble notified Jones that "a Bivens complaint and a FTCA complaint are two separate causes of action," and that, to the

extent Jones was attempting to raise a claim under the Federal Tort Claims Act, "he must file a form complaint and []incur a separate filing fee" (Dkt. No. 35 at 1), Jones filed an additional complaint in this case asserting an FTCA claim against the United States of America on October 1, 2015, (Dkt. No. 62).

On November 17, 2016, Magistrate Judge Trumble issued an R&R, which concluded that Jones had failed to state a valid Bivens claim against any of the defendants (Dkt. No. 138 at 9-16). It also determined that because Jones premised his FTCA claim on medical negligence he must have complied with West Virginia's Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-1, et seq., before filing his claim in federal court.[1] Id. at 17-18. The R&R concluded that, because Jones had not obtained a screening certificate prior to filing suit and was not excused from that requirement, his FTCA claim failed as a matter of law (Dkt. No. 138 at 18-20).

After finding no clear error, the Court adopted the R&R in its entirety (Dkt. No. 149) and denied Jones's motion for summary judgment (Dkt. No. 114). It also granted the defendants' motion to dismiss (Dkt. No. 92), dismissed Jones's Bivens claim with prejudice, and dismissed his FTCA claim without prejudice for

---

[1] Section § 55-7B-6(b) of the MPLA requires that, before filing an action against a health care provider, the plaintiff must serve a notice of claim and a screening certificate of merit. W. Va. Code § 55-7B-6(b).

failure to comply with the MPLA's screening certificate requirement (Dkt. No. 132). Jones appealed the Court's dismissal of his complaint to the United States Court of Appeals for the Fourth Circuit (Dkt. Nos. 156; 164). On August 1, 2017, the Fourth Circuit dismissed Jones's appeal for lack of jurisdiction because he had failed to file a timely notice of appeal (Dkt. No. 170).

Jones then filed a "Motion for Relief", which this Court construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b) (Dkt. No. 175). In a Memorandum Opinion and Order dated May 16, 2018, the Court vacated its prior order adopting Magistrate Judge Trumble's R&R to the extent it dismissed Jones's FTCA claim (Dkt. No. 190). It reopened this case and granted Jones ninety (90) days "to secure and file a medical screening certificate" as required under the MPLA. Id. at 11-12.

Thereafter, on June 4, 2018, Magistrate Judge Trumble granted Jones's requests for counsel and appointed an attorney to assist him in obtaining the required screening certificate (Dkt. No. 193). But, approximately one month later, Jones's appointed attorney filed a motion to withdraw, which Magistrate Judge Trumble granted (Dkt. Nos. 200, 208).[2] Jones twice requested new counsel, but Magistrate Judge Trumble denied these requests because, despite

---

[2] Jones's attorney moved to withdraw as counsel because he had moved out of West Virginia and downsized his practice (Dkt. No. 200).

his diligent efforts to do so, he could not locate an attorney willing to represent Jones in this matter (Dkt. Nos. 202, 204, 208). Based on Jones's pro se status, the Court extended his deadline to file a screening certificate for an additional ninety (90) days (Dkt. No. 209).

Then, on August 30, 2019, the Court dismissed Jones's FTCA claim for the second time because he still had not obtained a valid screening certificate (Dkt. No. 241 at 4-5). Although Jones repeatedly submitted a letter from Dr. Maria J. Watson, which he identified as his "W.V. screening certificate" (Dkt. Nos. 225; 233- 1; 234-1; 235-12; 238-2), it did not satisfy the requirements of a screening certificate set forth in § 55-7B-6(b) of the MPLA.[3] Id. at 4-5. Thus, after concluding that compliance with the MPLA was a mandatory prerequisite to filing suit in federal court, the Court dismissed Jones's FTCA claim without prejudice. Id. at 2, 5.

On September 13, 2019, Jones moved for an extension of time to file a screening certificate (Dkt. No. 244). In support, he averred that he had recently found an attorney willing to review

---

[3] See W. Va. Code § 55-7B-6(b) ("The screening certificate of merit shall state with particularity, and include: (A) The basis for the expert's familiarity with the applicable standard of care at issue; (B) the expert's qualifications; (C) the expert's opinion as to how the applicable standard of care was breached; (D) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death; and (E) a list of all medical records and other information reviewed by the expert executing the screening certificate of merit. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted.").

his case. Id. Because Jones did not mail this motion on or before February 7, 2019, his motion was untimely. Accordingly, the Court ordered him to show cause on or before October 2, 2019, explaining why he had not timely moved for an extension of time (Dkt. No. 245).

On October 3, 2019, the Court received Jones's response to the Show Cause Order, mailed in an envelope from a third party, not Jones (Dkt. No. 247). His response was in the form of a printed email from Jones to the third party which included text arguing, first, that the plaintiff should not be held to the same stringent standard as a professional lawyer and, second, asking the Court to accept an attached letter from a doctor to satisfy the screening certificate requirement. Id. Because Jones had not established excusable neglect for failing to move for a second extension of time to file before February 7, 2019, the Court denied his motion for additional time for obtain a screening certificate (Dkt. No. 248). Jones again appealed, and, on September 18, 2020, the Fourth Circuit affirmed this Court's order (Dkt. Nos. 252, 259).

On March 18, 2021, Jones again moved the Court to reconsider its dismissal of his FTCA claim (Dkt. No. 267), raising the following arguments in support: (1) that the Court's Orders found at Docket Numbers 193, 208, 209, 226, 241, 245, 247, 248, and 249, were erroneous; (2) that these Orders establish the Court's

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. NO. 267]**

prejudice against him as a pro se plaintiff; (3) that he timely complied with each of the Court's Orders and, specifically, the Court's September 16, 2019 Show Cause Order; (4) that he timely secured and filed a valid screening certificate as required by the MPLA in the form of Dr. Watson's letter and that the Court erred in dismissing his FTCA on this basis; and (5) that the Court erred in failing to appoint "replacement counsel" to represent him after his first attorney withdrew from this case. Id.

## II. Relevant law

A petitioner seeking relief from a "final judgment, order, or proceeding" under Federal Rule of Civil Procedure 60(b) must meet the following threshold requirements: (1) the motion must be filed on just terms; (2) within a reasonable time; (3) have a meritorious claim or defense; and (4) the opposing party must not be unfairly prejudiced by having the judgment set aside. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (citing Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). Once a movant makes this threshold showing, he must demonstrate that he is entitled to relief under one of the six subsections of Rule 60(b). Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). These include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or
(6) any other reason that justified relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion may also be construed as a motion for reconsideration, the purpose of which is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Miller v. Jack, 2007 WL 2255299 at *1 (N.D.W. Va. Aug. 3, 2007) (citing Harsco). On the other hand, a motion for reconsideration "cannot appropriately be granted where the moving party simply seeks to have the Court rethink what the Court has already thought through-rightly or wrongly." Miller, 2007 WL 2255299 at *2 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### III. Discussion

At bottom, Jones has requested that the Court reconsider each of its decisions in this case. But a Rule 60(b) motion is not a substitute for an appeal. Aikens, 652 F.3d at 501. And the Fourth Circuit has consistently held that where "the motion is nothing more than a request that the district court change its mind. . .

it is not authorized by Rule 60(b)." (United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) (citation omitted); Sabatino v. Pill, 2017 WL 6329952, at *2 (N.D.W. Va. Dec. 11, 2017) (Stamp, J.) ("[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)."). Accordingly, Jones's request for the Court to revisit each of its prior Orders is not authorized under Rule 60(b). Williams, 674 F.2d at 313.

The Court recognizes that during the pendency of his motion, the Fourth Circuit addressed the applicability of the MPLA's screening certificate requirement to cases in federal court. See Pledger v. Lynch, 5 F.4th 511 (4th Cir. 2021). In Pledger, as here, the district court had dismissed a pro se plaintiff's FTCA claim for medical negligence because he had not secured the required MPLA screening certificate before filing his suit in federal court. Id. at 516-17. The Fourth Circuit reversed the district court, finding that a plaintiff's claim could not be dismissed on this basis because it is "'impossible to reconcile' certificate requirements like West Virginia's with the 'requirements of the Federal Rules of Civil Procedure.'" Id. at 514. Specifically, it determined that Rule 8 requires the plaintiff to include only a "short and plain statement" of their claim; Rule 9 requires heightened pleading in limited circumstances such as for claims

alleging fraud of mistake; Rule 11 does not require verification or certification except by the attorney or party; and Rule 12 determines when defects in a complaint mandate dismissal. Id. at 519-21; Saylon v. United States, 2021 WL 3160425, at *3 (E.D.N.C. July 26, 2021). Accordingly, "state-law certification requirements like West Virginia's are inconsistent with the Federal Rules of Civil Procedure, and thus displaced by those rules in federal court." Id. at 514.

Based on the Fourth Circuit's holding in Pledger, if Jones had filed his FTCA claim today, the Court would not have dismissed it for his failure to comply with the MPLA's screening certificate requirement. Nevertheless, his Rule 60(b) motion must fail. While Rule 60(b)(6) permits relief from a court's final judgment or order for "any other reason that justifie[s] relief," the Fourth Circuit has held that this "catchall" provision must be invoked only in "extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens, 652 F.3d at 500 (citations omitted).

"Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997); see e.g., Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (a change in the Supreme Court's interpretation of the AEDPA statute of

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION [DKT. NO. 267]**

limitations was not an extraordinary circumstance justifying relief under Rule 60(b)(6)); Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (denying Rule 60(b)(6) motion to vacate the district court's grant of summary judgment based on subsequent changes in state law); Stephenson v. McLean Contracting Co., 977 F.2d 574 (4th Cir. 1992) (finding that Rule 60(b)(6) did not authorize relief from a judgment on the ground that the rule of law applied by the court had been subsequently overruled or declared erroneous in another unrelated proceeding); Hall v. Warden, 364 F.2d 495, 496 (4th Cir. 1966) (en banc) (refusing to vacate final judgment on basis that it was erroneous in light of later Supreme Court decision changing relevant decisional law).

But other courts have found that Rule 60(b)(6) relief may be warranted when a change in the law is accompanied by other compelling circumstances. See e.g., Overbee v. Van Waters & Rogers, 765 F.2d 578 (6th Cir. 1985) (the "unique facts" of the case compelled reopening the final judgment under Rule 60(b)(6) where the district court's judgment was not final when the plaintiffs filed their motion and the Ohio Supreme Court had reversed itself within one year of settling a question of state law); Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (granting Rule 60(b)(6) relief and vacating deportation order where the

petitioner received incompetent representation and would not have been deported in light of a dramatic change in the governing law).

Here, the Fourth Circuit's decision in Pledger does not, by itself, justify reopening the Court's final judgment in this case. And this change in the governing law is not accompanied by any unique facts or compelling circumstances that courts have found to warrant such relief. Thus, even assuming Jones could satisfy the threshold requirements of a Rule 60(b) motion, there are no extraordinary circumstances for granting his request for relief under Rule 60(b)(6). The Court therefore will not reopen its final judgment dismissing Jones's FTCA claim for failure to comply with the MPLA's screening certificate requirement.

### IV. Conclusion

For the reasons discussed, the Court **DENIES** Jones's motion for reconsideration (Dkt. No. 267).

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: March 24, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE